# IN THE COURT OF APPEALS OF IOWA

No. 18-2220
Filed September 11, 2019


IN RE THE MARRIAGE OF STEVE RICKY PALMER
AND DEBRA SUE PALMER

Upon the Petition of
STEVE RICKY PALMER,
        Petitioner-Appellant,

And Concerning
DEBRA SUE PALMER,
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Mills County, Timothy O'Grady,

Judge.


        Steve Palmer appeals the decree dissolving his marriage to Debra Palmer.

**AFFIRMED.**


        Kyle E. Focht of Focht Law Office, Council Bluffs, for appellant.

        Stephen C. Ebke of Ebke Law Office, Council Bluffs, for appellee.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

The district court dissolved the marriage of Steve and Debra Palmer. On appeal, Steve argues the district court did not award him enough spousal support.[1] We conclude the district court did not fail to do equity. Therefore, we affirm.

## I. Background Facts

Steve and Debra married in September 1998. Throughout their marriage, Debra worked at Glenwood Resource Center, a state facility. Steve worked in manual labor positions until 2012 when he was diagnosed with complex regional pain syndrome. After that, Steve received disability benefits instead of pay.

In 2018, Steve filed for divorce. That fall, the district court entered a decree of dissolution. Debra's IPERS account was one of the assets divided. Relying on *In re Marriage of Benson*, 545 N.W.2d 252 (Iowa 1996), the district court determined Steve was entitled to 29.42% of the account.

As for spousal support, the district court crafted a two-tiered structure. *See* Iowa Code § 598.21A (2018). Initially, Debra must pay Steve $1000 per month. But when Steve begins to receive benefits from Debra's IPERS account, Debra's support payment will decrease to $400 per month.

On appeal, Steve asks that we increase his spousal support award to $2500 per month for life.

---

[1] In her brief, Debra also asks that we modify the spousal support award, but in her favor. She did not file a cross-appeal. Therefore, we do not consider her request. *See In re Marriage of Winegard*, 257 N.W.2d 609, 618 (Iowa 1977) ("It should be noted Sally's brief devotes considerable time to the position she is entitled to the full amount of the legal services itemized in her application. However, Sally has not appealed from the order granting said fees and, consequently, cannot be awarded more herein."); *In re Marriage of Harris*, No. 12-0693, 2013 WL 541379, at *5 (Iowa Ct. App. Feb. 13, 2013) (holding a former spouse's request was not properly before the court because she did not cross-appeal).

## II.     Standard of Review

Our review of dissolution proceedings is de novo.  Iowa R. App. P. 6.907. Yet we recognize "the district court is best positioned to evaluate the needs of parties."  *In re Marriage of Dirkx,* No. 18-0422, 2019 WL 3330625, at *2 (Iowa Ct. App. July 24, 2019).  Therefore, we afford the district court "considerable latitude" in determining spousal support.  *In re Marriage of Anliker*, 694 N.W.2d 535, 540 (Iowa 2005).  "We will disturb that determination only when there has been a failure to do equity."  *Id.*  "This deference to the trial court's determination is decidedly in the public interest."  *Benson*, 545 N.W.2d at 257.  "When appellate courts unduly refine these important, but often conjectural, judgment calls, they thereby foster appeals in hosts of cases, at staggering expense to the parties wholly disproportionate to any benefit they might hope to realize."  *Id.*

## III.     Analysis

Iowa Code section 598.21A governs spousal support.  It requires courts to consider a number of factors before awarding support.  *See* Iowa Code § 598.21A(1).  Those factors include "the length of the marriage, the age and health of the parties, the property distribution, and earning capacity, among other factors."  *In re Marriage of Meek-Duncomb*, No. 10-0814, 2011 WL 768831, at *4 (Iowa Ct. App. Mar. 7, 2011) (citing Iowa Code § 598.21A).

The district court complied with these requirements.  In its decree, the court discussed several relevant factors, including the following: (1) the parties were married for twenty years; (2) Steve was sixty-five and permanently disabled; (3) "Debra [was] healthy and in her late fifties"; (4) although Steve's only income was a monthly disability benefit of $1240, he claimed his monthly expenses were

$2107; (5) Debra had a "net monthly income of over $4600 per month," but she claimed monthly expenses of only $4065; and (6) under the property division, each party will receive benefits from their portion of Debra's IPERS account.

Given these circumstances, we defer to the district court's spousal support award, under which Debra initially pays traditional spousal support to Steve in the amount of $1000 per month; but Debra's support obligation decreases to $400 per month once Steve begins receiving benefits from Debra's IPERS account. *See Benson*, 545 N.W.2d at 257. This two-tiered structure fits well with Steve and Debra's relative needs and resources. *See In re Marriage of Gust*, 858 N.W.2d 402, 411 (Iowa 2015) (noting awards of traditional alimony should be "primarily predicated on need and ability" (quoting *In re Marriage of Wendell*, 581 N.W.2d 197, 201 (Iowa Ct. App. 1998))). The district court did not fail to do equity. *See Anliker*, 694 N.W.2d at 540. We affirm. And we assess costs of this appeal to Steve.

**AFFIRMED.**